United States District Court
Southern District of Texas
**ENTERED**
November 25, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TATYANA CRYSTAL LIVINGSTON, § § § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-25-5085 |
| § | |
| SOUTHERN NEW HAMPSHIRE UNIVERSITY, § § § | |
| Defendant. § | |

## ORDER

Pending before the Court is Defendant Southern New Hampshire University's Motion to Dismiss (Document No. 7). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is an employment related dispute. *Pro se* Plaintiff Tatyana Crystal Livingston ("Livingston") alleges that her former employer, Defendant Southern New Hampshire University ("SNHU"), wrongfully terminated her in July of 2025. Livingston alleges that she was approved for a "formal leave of absence" for "emotional and mental recovery" in June of 2025 following a car accident Livingston was involved in.[1] Livingston further alleges that she received an "abrupt

---

[1] *See Plaintiff's Complaint*, Document No. 1, Exhibit 1 at 4.

termination notice" on July 23, 2025, "despite ongoing communication attempts and unresolved medical/bereavement leave matters."[2] Livingston further alleges that prior to her termination she experienced "fluctuating expectations, frequent policy changes, and …. harassment through performance documentation she was repeatedly told would not result in termination."[3]

Based on the foregoing, on July 30, 2025, Livingston filed suit, *pro se,* in the Harris County Civil Court at Law No. 1 against SNHU, asserting claims for: (1) wrongful termination; (2) negligent infliction of emotional distress; (3) retaliation; (4) failure to accommodate under the Americans with Disabilities Act ("ADA"); (5) hostile work environment; and (6) administrative negligence.[4] Livingston seeks damages in the amount of $245,000.00. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On October 24, 2025, SNHU removed the case to this Court pursuant to federal question jurisdiction. On November 3, 2025, SNHU filed a motion to dismiss Livingston's complaint pursuant

---

[2] *Id.*

[3] *Id.*

[4] *See Plaintiff's Complaint*, Document No. 1, Exhibit 1 at 4–5.

to Federal Rule of Civil Procedure 12(b)(6).[5] Livingston did not respond to the pending motion to dismiss by the original response deadline or the date of this Order.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a

---

[5] *See Defendant Southern New Hampshire University's Motion to Dismiss*, Document No. 7 at 1–10.

claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III.  LAW & ANALYSIS

SNHU moves to dismiss Livingston's complaint, contending that Livingston fails to allege any facts stating a cognizable claim or exhaust her administrative remedies under the ADA. Livingston did not respond to the pending motion to dismiss, failing to rebut or offer evidence to counter SNHU's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless of Livingston's failure to respond to SNHU's motion to dismiss, the Court will consider the merits of the pending motion before the Court.

*A. State Law Claims*

Livingston asserts five claims under state law: (1) wrongful termination; (2) retaliation; (3) hostile work environment; (4) negligent infliction of emotional distress; and (5) "administrative negligence."[6] SNHU contends that Livingston fails to plead sufficient facts with respect to each state claim. Livingston offers no

---

[6] *See Plaintiff's Complaint*, Document No. 1, Exhibit 1 at 4–5.

rebuttal. The Court will consider, in turn, the merits of each claim Livingston asserts under state law.

### 1. *Negligent Infliction of Emotional Distress, Administrative Negligence, Retaliation, and Hostile Work Environment*

Livingston alleges claims under Texas law for negligent infliction of emotional distress, "administrative negligence," retaliation, and "hostile work environment."[7] First, SNHU notes the Texas Supreme Court's rejection of negligent infliction of emotional distress as a theory of liability under Texas law. *See Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex. 1993); *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993) (holding that no action for negligent infliction of emotional distress exists in Texas). Second, SNHU contends that a claim for "administrative negligence" does not exist under state or federal law. SNHU further notes for the Court the well-established employment-at-will doctrine under Texas law, which, "[b]y definition ... does not require an employer to be reasonable, or even careful, in making its termination decisions." *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 609 (Tex. 2002). Third, SNHU notes the Texas Supreme Court's rejection of retaliation as a theory of liability under Texas law. *See Butler v. Collins*, 714 S.W.3d 562, 571 (Tex. 2025) (holding that there is "no common law cause of

---

[7] *See Plaintiff's Complaint*, Document No. 1, Exhibit 1 at 4.

action for workplace discrimination or retaliation). Fourth, SNHU notes other federal district courts in Texas which found "no case law establishing a common law tort for 'hostile and toxic work environment in Texas.'" *Bhakta v. Caraday Healthhcare, LLC*, 2021 WL 8362164, at *2 (W.D. Tex. Dec. 21, 2021). Livingston offers no rebuttal. Considering the aforementioned clear guidance that negligent infliction of emotional distress, administrative negligence, common-law retaliation, and hostile work environment are not valid claims under Texas state law, the Court determines that these four claims should be dismissed. The Court will now consider Livingston's wrongful termination claim.

## 2. *Wrongful Termination*

Livingston alleges a claim for wrongful termination after she was terminated by SNHU on July 23, 2025. SNHU contends that Texas is an at-will employment state, which requires Livingston to allege that she possessed an agreement that guaranteed employment for a specific term that prohibited termination without good cause. SNHU further notes for the Court an employer's broad discretion to terminate under the well-established employment-at-will doctrine. *See Montgomery Cnty. Hosp. Dist. V. Brown*, 965 S.W.2d 501, 502 (Tex. 1998) (holding that "employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all."). Livingston offers no rebuttal.

A thorough review of Livingston's complaint reveals no facts plead indicating that she held a contract that guaranteed continued employment with SNHU for a specific term. SNHU further contends that Livingston's complaint fails to show any contractual language between the parties to suggest that Livingston is not subject to the general rule that SNHU could terminate her at will under Texas law. Based on the foregoing, the Court determines that Livingston is an at-will employee and is thus ineligible to state a claim for wrongful termination. Accordingly, the Court finds that Livingston's claim for wrongful termination should be dismissed. The Court will now consider Livingston's sole federal claim arising under the ADA.

*B. Federal Claim*

Livingston alleges a federal claim for failure to accommodate under the ADA. SNHU contends that Livingston failed to exhaust administrative remedies that are mandatory before asserting an ADA claim in federal court. Livingston offers no rebuttal.

"Before a plaintiff may file her ADA claim in federal court, she must exhaust her administrative remedies." *Patton v. Jacobs Eng'g Grp.*, 874 F.3d 437, 443 (5th Cir. 2017) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam)). "Specifically, the plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice or within 300 days if the charge is filed with a state or local agency." *Id.* (quotation omitted).

Exhaustion is complete when the plaintiff "receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao*, 96 F.3d at 788–89). After receiving the notice of right to sue, the plaintiff has 90 days to file a civil action. *See id.*

Here, a review of Livingston's complaint reveals that she fails to allege any facts confirming that she filed a charge of discrimination with the EEOC or comparable state agency such as the Texas Workforce Commission. Livingston's complaint also fails to allege any facts regarding whether she received a statutory notice of a right to sue. Considering the Fifth Circuit's strong guidance that a failure to engage with the administrative process is "a precondition to filing suit in district court," the Court determines that Livingston failed to exhaust her administrative remedies with regards to her ADA claim. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996) (per curiam). Accordingly, the Court determines that Livingston's federal claim arising under the ADA should be dismissed.

Even construing the complaint liberally, the Court finds that Livingston states no plausible claim upon which relief can be granted with respect to SNHU. Accordingly, having considered the foregoing, submissions, and applicable law, the Court determines that the pending motion should be granted, and Livingston's claims against SNHU in this matter should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Southern New Hampshire University's Motion to Dismiss (Document No. 7) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Tatyana Crystal Livingston's claims against SNHU are **DISMISSED**. The Court further

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this **25** day of November, 2025.

*/s/ David Hittner*
DAVID HITTNER
United States District Judge